IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.L., | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|   vs. | )   Civil Action No. 3:24-302 |
| | )   Judge Stephanie L. Haines |
| LEONARD ODDO, *et al.*, | )   Magistrate Judge Keith A. Pesto |
| | ) |
|       Respondents. | ) |

## MEMORANDUM and ORDER OF COURT

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by A.L.[1] ("Petitioner") [Doc. 1] and an accompanying motion for temporary restraining order ("TRO"). Petitioner, a Russian citizen who has been detained in the custody of the United States Immigration and Customs Enforcement ("ICE") since March 18, 2024, is alleging unreasonable detention in violation of due process. Petitioner seeks immediate release, or, in the alternative, an order directing Respondents to provide Petitioner with a bond hearing.

Following a status conference held on December 20, 2024, the Court directed Respondents to show cause as to why the Petition should not be granted. On December 23, 2024, Respondents filed a response in opposition to the TRO [Doc. 13]. Petitioner filed a reply on December 30, 2024. For the following reasons, Petitioner's § 2241 petition will be granted in part. Although this Court will not order Petitioner's immediate release, it will direct that he be provided a prompt bond hearing. Petitioner's motion for a temporary restraining order will be denied as moot.

---

[1] On December 20, 2024, this Court granted Petitioner's motion for leave to proceed under a pseudonym using only Petitioner's initials [Doc. 11].

1

I.   **Factual Background**

Petitioner is a Russian native who entered the United States near San Ysidro, California in late October of 2022 [Doc. 13-1]. Although he was found to be inadmissible, he was paroled into the country pending proceedings before an Immigration Judge [*Id.*] Petitioner subsequently filed applications for asylum and withholding of removal. On March 8, 2024, Petitioner was arrested in North Hollywood, Florida, and charged with kidnapping/false imprisonment and battery, but all charges were dismissed in April of 2024 [Doc. 1-1 ¶ 8]. On March 18, 2024, Petitioner was detained by the Department of Homeland Security pending a final administrative determination of his case [Doc. 1-4]. Petitioner filed a request for humanitarian parole, which was denied by ICE on June 18, 2024 [Doc. 1-5].

On October 31, 2024, an Immigration Judge ("IJ") issued an oral decision finding Petitioner inadmissible [Doc. 13-3]. Although Petitioner's request for asylum was denied, his request for withholding of removal under 8 U.S.C. § 1231(b)(3) was granted.[2] On November 5, 2024, Petitioner filed a second request for humanitarian parole with ICE, which still remains pending. On December 2, 2024, Petitioner filed an appeal to the Board of Immigration Appeals ("BIA") from the denial of asylum [Doc. 13-4], while the Government filed an appeal from the grant of withholding of removal [Doc. 13-5]. On December 18, 2024, the DHS withdrew its appeal, but Petitioner's remains pending.

II.   **Jurisdiction**

Title 28, United States Code, Section 2241 grants federal courts the authority to hear habeas corpus claims by noncitizens challenging the lawfulness or constitutionality of their detention by

---

[2] Pursuant to § 1231(b)(3), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

ICE. *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.   Analysis**

The Fifth Amendment to the United States Constitution provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law...." U.S. Const. Amend. V. In this case, Petitioner alleges that his prolonged detention without a bond hearing constitutes a violation of due process.

In *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (2020), the United States Court of Appeals for the Third Circuit recognized that criminal aliens detained pending removal proceedings pursuant to § 1226(c) of the INA have a due process right to a bond hearing once their detention becomes unreasonable. In assessing whether an alien's detention has become unreasonable, courts are to consider four factors: (1) the duration of detention; (2) whether the detention is likely to continue; (3) reasons for the delay, such as a detainee's request for continuance; and (4) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *Id*. at 210-211.

Here, however, Petitioner, as an arriving alien paroled into the country pending an administrative determination, is being detained under § 1225(b) of the INA, rather than under § 1226(c). Neither the United States Supreme Court nor the Third Circuit Court of Appeals has directly addressed the question of whether arriving aliens detained under § 1225(b) have the same due process right to a bond hearing upon unreasonable detention as that afforded to aliens being held under § 1226(c). Respondents point to *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) for the proposition that such aliens essentially have no rights at all beyond those provided by statute. And, by statute, an alien may be released from § 1225(b) custody only by the

3

Attorney General for "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d).

However, *Thuraissigiam* involved a challenge to the arriving alien's removal, and the Supreme Court concluded that the Due Process Clause "does not require review of that determination or how it was made." 591 U.S. at 140. Nowhere in that decision did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever.

To the contrary, the Supreme Court has held that "[t]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Accordingly, this Court finds that an arriving alien such as Petitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject to removal under § 1226(c). *See, e.g., Pierre v. Doll*, 350 F.Supp.3d 327, 332 (M.D. Pa. 2018) (agreeing with the "weight of authority" finding that arriving aliens detained pre-removal pursuant to § 1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable); *see also Castro v. U.S. Dep't of Homeland Security*, 835 F.3d 422, 449 n. 32 (3d Cir. 2016) ("We doubt ... that Congress could authorize, or that the Executive could engage in, the indefinite, hearingless detention of an alien simply because the alien was apprehended shortly after clandestine entrance.").

In assessing whether detention has become unreasonable, this Court sees no reason not to apply the same factors laid out in *German Santos*. Petitioner has been held in custody without a bond hearing for nearly ten months since March 18, 2024. This delay falls within the range where

4

courts have held that delays start to become unreasonable. *See German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez v. Warden York Co. Prison*, 783 F. 3d 469, 478 (3d Cir. 2015) (six-month to one-year period triggered a bond hearing)); *see also Diop v. ICE/Homeland Security*, 656 F.3d 221, 234 (3d Cir. 2011) (mandatory detention becomes "more and more suspect" after five months). And it is likely that Petitioner's detention will continue while Petitioner's appeal from the denial of his request for asylum is pending, which could take months.

The reasons for the delay also weigh in favor of unreasonableness. Although Petitioner has appealed, he has a statutory right to do so, as well as the option of petitioning the Third Circuit for review should his BIA appeal be denied. Delays while he exercises the rights afforded to him by statute cannot be held against him. *German Santos*, 965 F.3d at 212. On the other hand, the delay resulting from Respondents failure to follow their own policies lies squarely on Respondents. Petitioner has been granted withholding of removal by an Immigration Judge. As Petitioner has demonstrated, the longstanding and current policy of DHS and ICE favors release of aliens who have been granted protection by an immigration judge, to specifically include withholding of removal, absent exceptional circumstances such as national security issues or danger to the community, and absent any requirement under law to detain [Doc. 1-9]. Respondents have offered no rationale as to why they are not following their own internal policies in Petitioner's case. Moreover, Petitioner's second request for humanitarian parole as authorized under the INA has received no response two months after it was filed, despite the IJ's grant of withholding of removal.

As the Third Circuit has observed, "[r]easonableness is a 'highly fact-specific' inquiry," and the four factors are non-exhaustive. *German Santos*, 965 F.3d at 210. Based on the above, this Court finds that Petitioner's prolonged detention for nearly 10 months without a bond hearing has become unreasonable and violates due process. As a result, the Court further finds that

Petitioner is entitled to a prompt individualized bond hearing, to be governed by the same procedures provided to aliens in detention under § 1226(c) as outlined in *German Santos*, by which Respondents must justify Petitioner's continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. 965 F.3d at 213-14.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 6th day of January, 2025, for the reasons set forth herein, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] hereby is **granted in part**. Respondent hereby is ordered to arrange an individualized bond hearing for Petitioner before an appropriate immigration court within **one week** of the date of this order. Any other relief requested by Petitioner in the § 2241 petition, to include immediate release and costs and attorneys' fees, is denied; and,

In light of this Court's granting of the petition as set forth herein, Petitioner's motion for temporary restraining order [Doc. 6] hereby is **denied as moot**. The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge